IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL CREWS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 16-cv-265-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Paul Crews' Amended Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5). Respondent filed a Response (Doc. 7) and Petitioner filed a Supplement (Doc. 9). The Respondent then filed a Response (Doc. 11) to the Supplement. For the following reasons, the Court grants Petitioner's Amended Motion.

1. **Background.**

On May 30, 1996, Petitioner was found guilty by jury of one count of felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner was found by the court to be an armed career criminal under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e) and was sentenced on November 20, 1996, to the custody of the Bureau of Prisons for a term of 293 months, 5 years supervised release, a fine of $3,000.00 and a special assessment of $50.00. *See USA v. Crews*, 96-cr-40025-JPG. Petitioner filed a direct appeal and the United States Court of Appeals for the Seventh Circuit affirmed the judgment of the district court. *See USA v. Paul Crews*, 96-4076 (7th Cir. 1998)(Doc. 50 in criminal case).

Petitioner filed his § 2255 on March 14, 2016. He had previously filed a § 2255 (99-cv-04030-JPG). As such, he sought and was granted an order from the United States Court of

Appeals authorizing this Court to consider a subsequent § 2255 motion. (No. 16-1179, 7th Cir. 2016, Doc. 3).

The Petitioner's amended § 2255 is based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the "violent felony" definition in the residual clause of the ACCA was void for vagueness.

2. **Standard**.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

3. **Analysis**.

The Court found that the Petitioner had two unrelated 1974 state convictions for armed robbery and a 1987 conviction for complicity to manslaughter and complicity to robbery which qualified as the three violent felonies pursuant to the ACCA. As such, the Petitioner was subject to a statutory mandatory minimum sentence of 180 months. Without the ACCA enhancement, the Petitioner would have had a statutory maximum of 10 years.

Both the Petitioner and the government submitted detailed briefing on the complex issues involved in this matter. Initially, the government opposed Petitioner's amended § 2255 motion; however, "[u]nder the unique circumstances of this case, the United States abandons its previous

opposition to Petitioner's Amended § 2255, which raises a Johnson challenge to his ACC sentence." Further, "the United States does not oppose resentencing in this case." (Doc. 11).

As the parties agree and the issues having been fully briefed and reviewed, the Court finds that Petitioner Paul Crews is entitled to relief under § 2255 in light of *Johnson*. The Court notes that the Petitioner has served more than the statutory maximum of the non-ACCA sentence and that time is essential in providing the Petitioner's relief.

4. **Conclusion**.

Therefore, the Court:

- **GRANTS** Paul Crews' Amended § 2255 motion (Doc. 5);
- **VACATES** the sentence imposed on November 20, 1996, in Crews' criminal case as reflected in the amended judgment entered on December 20, 1996 (Doc. 47 in Case No. 96-cr-40025-JPG); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 9/26/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**